FILED'06 APR 14 08:10 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 94-cr-60100 |
| Plaintiff, | ORDER |
| v. | |
| MICKEY DEAN BEATY, | |
| Defendant. | |

After he pleaded guilty to one count of violating 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1), the court sentenced defendant on January 10, 1996 to a term of imprisonment of 195 months. On January 11, 2006, defendant filed a motion to vacate, correct or modify his sentence pursuant to 28 U.S.C. § 2255.

Discussion

A one-year period of limitations applies to defendant's motion. 28 U.S.C. § 2255. The period runs from the latest of, inter alia, the date the judgment of conviction becomes final, and the date on which the right asserted was initially recognized

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  <u>Id</u>.  Defendant's conviction became final well more than one year before he filed his Section 2255 motion. Defendant contends that his motion is nevertheless timely because he asserts rights initially recognized by the Supreme Court in <u>United States v. Booker</u>, 543 U.S. 220 (decided January 12, 2005), and <u>Shepard v. United States</u>, 125 S. Ct. 1254 (decided March 7, 2005).

<u>Booker</u> does not apply retroactively to cases on collateral review.  <u>United States v. Cruz</u>, 423 F.3d 1119, 1121 (9th Cir. 2005).  This court finds no published federal appeals court decisions addressing whether, as defendant contends, <u>Shepard</u> announced a new rule of criminal procedure retroactively applicable to cases on collateral review.  One district court has referred to "a growing chorus" in the district courts that <u>Shepard</u> announced a new procedural rule not retroactive to cases on collateral review.  <u>See</u> <u>Wall v. United States</u>, 2005 WL 2429893, *25 (D. Me.).

  In <u>Shepard</u>, the Court held that

> enquiry under the [Armed Career Criminal Act] to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of

this information.

125 S. Ct. at 1263. Assuming for argument that Shepard announced a new procedural rule, as defendant contends, the rule does not apply retroactively unless it is a "watershed rule" implicating the fundamental fairness and accuracy of criminal proceedings. Schriro v. Summerlin, 542 U.S. 348 (2004) (quotations omitted). The new rule "must be one 'without which the likelihood of an accurate conviction is seriously diminished.'" Id. at 352 (quoting Teague v. Lane, 489 U.S. 288, 313 (1989)).

Shepard sets forth the materials a district court should consider, in certain circumstances, to determine whether a defendant's prior convictions render him subject to the ACCA's mandatory minimum sentence. In this court's view, the likelihood of accurate convictions is not seriously diminished without the rule. Any new procedural rule announced in Shepard therefore does not apply retroactively to cases on collateral review.

Defendant's motion is untimely. 28 U.S.C. § 2255.

## Conclusion

Based on the foregoing, defendant's motion to vacate, set aside or correct sentence [#68] is denied.

IT IS SO ORDERED.

DATED this ___14th___ day of April, 2006.

_____
Michael E. Hogan
United States District Judge

3 - ORDER